[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11916
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2010
JOHN LEY
ACTING CLERK

Agency Nos. A099-983-157,
A099-983-158

SARA JOSEFINA ALTUVE,
LUIS EMIGDIO PRIMERA,
LUISIANA CAROLINA PRIMERA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 28, 2010)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Sara Josefina Altuve and her family, natives and citizens of Venezuela, petition this Court for review of the decision of the Board of Immigration Appeals that denied Altuve's application for asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment. INA §§ 208, 241; 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). The Board denied the application based on a finding that Altuve and her husband, Luis Emigdio Primera, were not credible. We deny the petition.

We review adverse credibility findings for substantial evidence. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006). Adverse credibility findings will be reversed "'only if the evidence "compels" a reasonable fact finder to find otherwise.'" Id. at 1231 (quoting Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005)). An adverse credibility determination may be based on inconsistencies, inaccuracies, and falsehoods in the applicant's oral and written statements. 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the adverse credibility finding, see Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001), and the Board provided specific and cogent reasons to support that finding, Chen, 463 F.3d at 1231. Altuve and her husband presented inconsistent, uncorroborated, and implausible testimonies about her alleged persecution in Venezuela. Altuve testified incredibly

2

that she received death threats from the Bolivarian Circles because of her activities with First Justice, an organization that opposed Hugo Chavez, even though she was also employed by the Chavez government, allowed to transfer to a station closer to her home, and stated in a letter of resignation that she was "grateful" to the agency "for the cooperation given." Altuve testified, on cross-examination, that members of the Bolivarian Circles did not target her during an opposition demonstration in April 2002, but Altuve's husband insisted that members "recognized" and attacked Altuve. Altuve and her husband also testified inconsistently about the number of marches they attended. Altuve's husband also testified that he saw Altuve receive two threatening telephone calls at home, but he changed his story when confronted with Altuve's testimony that she had received the calls at work. Altuve failed to provide any evidence to corroborate her story about being threatened by gunmen on a public bus in December 2005, and her testimony that she obtained medical treatment in March 2006 conflicted with her husband's testimony that she received immediate treatment. The record does not "'compel' a reasonable fact finder" to credit the testimonies of Altuve and her husband. Chen, 463 F.3d at 1233.

Altuve's petition for review is **DENIED**.